IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURELLE CRAWFORD, ) | |
| ) Petitioner, ) | No. C 08-5627 CRB (PR) |
| ) vs. ) | ORDER TO SHOW CAUSE |
| ) JOHN MARSHALL, Warden, ) | |
| ) Respondent. ) | |

Petitioner, a state prisoner incarcerated at the California Men's Colony in San Luis Obispo, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner was convicted by a jury in the Superior Court of the State of California in and for the County of Alameda of voluntary manslaughter, attempted voluntary manslaughter and unlawful possession of a firearm while a ward of the juvenile court. The jury also found true the enhancement allegations that petitioner was armed with a firearm. On November 9, 2004, he was sentenced to 13 years in state prison.

Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California, which on August 27, 2008 dismissed a prior grant of review.

**DISCUSSION**

A.   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.   Claims

Petitioner seeks federal habeas corpus relief based on a number of court errors in instructing the jury. Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.   The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2.   Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule

1  5 of the Rules Governing Section 2254 Cases, showing cause why a writ of
2  habeas corpus should not be granted.  Respondent shall file with the answer and
3  serve on petitioner a copy of all portions of the state trial record that have been
4  transcribed previously and that are relevant to a determination of the issues
5  presented by the petition.

6  If petitioner wishes to respond to the answer, he shall do so by filing a
7  traverse with the court and serving it on respondent within 30 days of his receipt
8  of the answer.

9  4.  Respondent may file a motion to dismiss on procedural grounds in
10 lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the
11 Rules Governing Section 2254 Cases.  If respondent files such a motion,
12 petitioner shall file with the court and serve on respondent an opposition or
13 statement of non-opposition within 30 days of receipt of the motion, and
14 respondent shall file with the court and serve on petitioner a reply within 15 days
15 of receipt of any opposition.

16 5.  Petitioner is reminded that all communications with the court must
17 be served on respondent by mailing a true copy of the document to respondent's
18 counsel.  Petitioner must also keep the court and all parties informed of any
19 change of address.

20 SO ORDERED.

21 DATED: March 23, 2009

   CHARLES R. BREYER
22 United States District Judge

28 G:\PRO-SE\CRB\HC.08\Crawford, D1.osc.wpd       3